WILLIAM B. RICHARDSON, appellant,

*v.*

JAMES M. PEACOCK, respondent.

Defendant sold to complainant the fixtures and good will of a business which largely consisted in purchasing poultry in designated districts, and shipping it to New York for sale; and also covenanted with complainant that he would not, at any time, send or ship to New York any poultry coming from those districts. Afterwards, he engaged in New York in the sale of poultry on commission, ordering all his supplies to be shipped from those districts, sometimes in advance of his sales, sometimes to fill contracts of sale previously made.— *Held,* that in so doing he was violating his covenant, and should be restrained.

On appeal from a decree of the chancellor, reported in *Richardson* v. *Peacock, 1 Stew. Eq. 151.*

*Messrs. A. C. Scovel* and *P. L. Voorhees,* for appellant.

I. The said James M. Peacock, notwithstanding the covenant entered into by him in the pleadings in this case mentioned and referred to, before and at the time the injunction in this case was served upon him, had the right to carry on the business in which he was then engaged in the city of New York, to wit, the business of selling poultry on commission for such persons as would ship or send poultry to him to sell for them on commission.

II. In selling poultry as a commission merchant or agent of others who sent and shipped their poultry to said Peacock at New York city, to sell for them on commission, he, the said Peacock, did not, in any way or manner, violate his said covenant.

III. The said Peacock, notwithstanding said covenant, has the right to carry on the business in the pleadings and evidence in this cause mentioned and described, and which was carried on by him at the time when the bill in said cause was filed.

*Mr. S. H. Grey,* for respondent

I. The covenant between Richardson and Peacock, upon which the bill was filed, was a valid contract. *Mitchell* v. *Reynolds, 1 P. Wms. 181; Hitchcock* v. *Coker, 6 Ad. & Ell. 439; Pilkinton* v. *Scott, 15 M. & W. 657; Ross* v. *Sadgbeer, 21 Wend. 167; Horner* v. *Greaves, 7 Bing. 735; Chappell* v. *Brockway, 21 Wend. 163; Whittaker* v. *Howe, 3 Beav. 383; Duffy* v. *Shockey, 11 Ind. 71; Gale* v. *Reed, 8 East 86.*

The opinion of the court was delivered by

Dixon, J.

This bill was filed to restrain the defendant from violating his covenant.

It appears that up to November 14th, 1863, the defendant was engaged in the poultry business at No. 121 South street, Philadelphia, which was carried on by his purchasing poultry in the counties of Salem, Cumberland, Camden and Gloucester, in this state, and in South street, for certain persons in New York and Washington, to whom he sent it, at a commission of ten per cent., and by his making similar purchases for himself, and shipping to commission merchants in New York or Washington, for sale on his own account, at a commission to them of five per cent. This business, with the fixtures and good will, the defendant sold to the complainant, on the date mentioned, for $2,000; and he likewise covenanted with complainant that he would not at any time send or ship any poultry coming from said counties or South street, to either New York or Washington; and that he would not ship any poultry to said cities so that the same might in any way interfere with or prejudice the business he sold out. This is the covenant which it is claimed he has broken.

The case is not one of a mere implied contract, growing out of a sale of the good will of a business. Such a sale, without more, while it does not prevent the vendor from carrying on a similar business, and, perhaps, dealing with the old customers,

Richardson *v.* Peacock.

will prevent his soliciting the old customers by any means other than the general advertisement of his business. *Labouchère* v. *Lawson, L. R.* (*13 Eq. Cas.*) *322; Leggott* v. *Barrett, L. R.* (*15 Ch. Div.*) *306.*

But here there is an express covenant, the binding force of which is not impugned by the defendant, and the sole question is whether it has been violated.

The defendant admits that at the filing of the bill he was engaged as a commission merchant in the poultry business in New York city; that he had but five consignors, one stationed in South street, Philadelphia, one in Gloucester county, and three in Salem county; that his business consisted in making sales of poultry in New York, and ordering these parties to ship to the purchasers what was required to fill his contracts, and also in receiving such poultry as they might ship to him in New York, and selling it for them; and in either case, his compensation was a commission on the price.

We think this was in violation of his covenant. True, he did not personally ship or send the poultry which he had agreed not to ship or send, but he ordered and procured it to be shipped and sent, for his own gain, and in such a manner as to lessen the opportunities for profit which the complainant might otherwise have enjoyed in his business. It is not as if the defendant had simply established himself in the poultry commission business in New York, and there had sold whatever was sent him, although, included in it, had been poultry coming from the interdicted territory; but the fact is, that his whole business in New York rested upon his procuring shipments from this territory, and he actively solicited and caused such shipments to be made.

These transactions were plainly prohibited by the terms of his bargain, and the chancellor rightly decreed that he should be restrained.

*Decree unanimously affirmed.*